UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Harley Crane Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>Defendant. | No. 1:23-cv-01289-WBS-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 15, 20)** |

### I. Introduction

Plaintiff John Harley Crane Jr. appeals the denial of supplemental security income (SS) and disability insurance benefits (SSDI) under Titles II and XVI of the Social Security Act. Because substantial evidence and applicable law support the ALJ's decision, the recommendation is that the Court direct entry of judgment in favor of Defendant.

### II. Factual and Procedural Background[1]

On August 21, 2018, Plaintiff applied for SSI and SSDI alleging a disability onset date of September 1, 2011. The application proceeded through the administrative process, the ALJ issued an unfavorable decision and the Appeals Council denied review. This appeal followed.

### III. The Disability Standard

Under 42 U.S.C. §405(g), courts review decisions of the Commissioner denying disability benefits and may set them aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence that could lead a reasonable

---

[1] The undersigned has reviewed the relevant portions of the administrative record including the medical, opinion and testimonial evidence about which the parties are well informed, which will not be exhaustively summarized. Relevant portions will be referenced in the course of the analysis below when relevant to the parties' arguments.

mind to accept a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

If the evidence could reasonably support two conclusions, the court may not substitute its judgment for the Commissioner's and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

A five-step process applies for evaluating disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff has the burden at steps one through four, it shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work

experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

## IV. The ALJ's Decision

At step one the ALJ found no substantial gainful activity since the onset date. AR 23. At step two the ALJ found several severe and non-severe impairments not at issue on this appeal as this appeal is predicated wholly on an alleged conflict between the VE's testimony and the DOT. As will be explained below, the Court finds that no such conflict exists. At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment.

Prior to step four the ALJ found Plaintiff had the RFC to perform medium work with the following limitations: frequently reach overhead; occasionally climb ladders/ropes/scaffolds; frequently climb ramps or stairs; frequently stoop, crouch, and crawl; along with environmental and non-exertional limitations not at issue. AR 26.

At step four the ALJ concluded that Plaintiff could perform past relevant work as a construction worker as <u>actually performed</u> (medium exertion) though not as generally performed (very-heavy exertion). AR 33. The ALJ made an alternative step five finding which need not be addressed as the ALJ's conclusion at step four is supported by substantial evidence and applicable law.

## V. Issue Presented

Plaintiff asserts one claim of error: "the ALJ's Step 4 (and alternative Step 5 determination) are [not] supported by substantial evidence where the ALJ failed to resolve apparent conflict between Vocational Expert testimony and the Dictionary of Occupational Titles and identify a significant number of 'other jobs' remaining that Plaintiff could perform." MSJ at 14–17, Doc. 15.

### A. RFC; Conflict Between the VE's Testimony and the DOT

Before proceeding to steps four and five, the ALJ must first determine the claimant's residual functional capacity. *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§

404.1545(a)(1), 416.945(a)(1).

>Pursuant to SSR 00-4p:
>
>Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
>Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information

### B.    Analysis

Plaintiff contends there was a conflict between the job requirements as actually performed and the resultant RFC, along with VE's testimony as to the consistency between the RFC and Plaintiff's past work.

Plaintiff reasons as follows: 1) "Plaintiff reported that he constantly reached and stooped in this prior position. (AR 445)."[2] 2) "The difference between 'frequent' and 'constant' under the Dictionary is clearly defined --- 'frequent' means 1/3 to 2/3 of the time, whereas 'constant' means 2/3 of the time or more;"[3] and 3) thus, his job duties as performed exceeded the exertional capacity of the RFC.

Relevantly, Plaintiff did describe the specific number of hours he spent on the activities in question--reaching, stooping, kneeling, crouching-- and he estimated at his prior job he performed such activities 3-4 hours a day. AR 445. This is well within the regulatory definition of "frequent", i.e. 1/3

---

[2] It's not clear where Plaintiff found this statement that he performed these activities "constantly," as it does not appear on the cited page (445) or elsewhere. Nevertheless, Defendant does not dispute Plaintiff's contention that he reported reaching and stooping constantly, and even if that statement was made it is immaterial because it is subsumed by the specific estimate he gave as to the number of hours he performed those activities.

[3] See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Appendix C

4

to 2/3 of an 8-hour day. SSR 83-10. Thus, the demands of Plaintiff's past job as a construction worker were entirely consistent with the RFC as formulated and the VE's testimony. There was no conflict for the ALJ to identify, address, or resolve.

Plaintiff adds, without elaboration, that "Additionally, he endorsed performing handling, grabbing and grasping of big objects six hours out of the workday and reaching three hours out of the workday. (AR 445)." Again, three hours of reaching is well within the bounds of "frequent" reaching (1/3 to 2/3 of an 8-hour day), as set forth in the RFC.

In addition, Plaintiff's reference to the 6+ hours of manipulative activities required by his old job is irrelevant as the ALJ assessed no restrictions in Plaintiff's ability to perform manipulative activities. To the extent Plaintiff disagrees with that assessment, the way to express that disagreement is to directly challenge the ALJ's findings of no manipulative restrictions and explain why the ALJ's assessment was unsupported by substantial evidence. However, this argument is not germane to the ALJ's duty to resolve conflicts between the RFC, VE, and DOT. In sum, there was no such conflict here for the ALJ to resolve.

## VI. Recommendations

For the reasons stated above, the undersigned recommends that the Court find that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. The undersigned further recommends that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be denied, and that the Clerk of Court be directed to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff John Harley Crane Jr.

## VII. Objections Due Within 14 Days

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **January 20, 2025**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE